## NAGORNY v. GRAY et al.

### No. 12596.

Court of Civil Appeals of Texas.

Galveston.

Oct. 22, 1953.

Fulbright, Crooker, Freeman & Bates, and Eugene Cavin, Houston, for appellant.

No appearance for appellees.

CODY, Justice.

The appellant, Wesley Nagorny, Jr., was the owner of certain land which was located in the 2000 Block of McCarty Street, Houston, and which he leased to the partners composing the firm which operated under the name of Hi-Lo Oil Company, to operate thereon a bulk storage plant for petroleum products. After the storage plant had been in operation for some four years, a fire occurred on July 28, 1950, which totally destroyed some of the improvements, and partially destroyed the rest of the improvements, which were located on the land so leased to the Hi-Lo Oil Company. The fire also damaged certain property located on the land of two neighboring lot owners. (For the sake of brevity and simplification, certain liberties have been taken in making the foregoing statement which, however, in no way affects their legal implications.)

The appellant, together with the aforesaid two neighboring lot owners, brought this action against the Hi-Lo Oil Company to recover damages resulting from the fire. The Hi-Lo Oil Company, which will hereafter be called defendants, in addition to interposing a general denial, specially answered that appellant well knew when he leased the property that the defendants would place thereon a bulk storage plant for gasoline, and that the property would be maintained in a dangerous condition. The defendants alleged in substance that the dangerous condition maintained upon appellant's land was a proximate cause of the fire and the resulting damages and that consequently appellant was barred of any right to recover damages from defendants, and that defendants also had the right to contribution from appellant, in case appellant's coplaintiffs recovered judgment damages from defendants. In this connection it should be added that defendants did not contest their liability for damages to appellant's coplaintiffs, in case the jury should find defendants guilty of negligence which proximately caused the fire.

The case was submitted to the jury upon special issues, and the jury's verdict convicted defendants of negligence in two respects, both of which the jury found to be proximate causes, namely: (a) that it was negligence on the part of defendants to operate their gasoline bulk storage plant by using an electric motor which was not an explosion-proof type motor to pump gasoline into the overhead storage tanks, and (b) that it was negligence for defendants to operate their gasoline bulk storage plant with the electric motor located below the overhead storage tanks where it would be under and near any gasoline that might overflow.

The appellant seasonably objected to the court's submitting special issues Nos. 15 through 18. In answer to special issue No. 15, the jury found that appellant knew, before executing the leasing agreement in January 1946, that defendants (appellees) were going to use the premises for storing petroleum products in overhead tanks.

In answer to special issue No. 16, the jury found that the storage of petroleum products in overhead tanks on the premises constituted a hazardous condition. In answer to special issue No. 17, the jury answered that appellant knew before executing the lease in January 1946 that the storage of petroleum products in overhead tanks upon the premises in question would create a hazardous condition. And in answer to special issue No. 18, the jury found the hazardous condition so created was a proximate cause.

The jury found that the market value of the buildings on appellant's land, which were completely destroyed, just before the fire was $2,800. The jury further found that the amount reasonably necessary to restore the buildings on appellant's land which were partially destroyed was $4,490. The parties agreed as to the amount of damages sustained by appellant's coplaintiffs.

The court rendered judgment against appellees in favor of appellant's coplaintiffs for the amount of their agreed damages. The court rendered judgment against appellees on their claim of right to contribution from appellant on the judgment rendered in favor of appellant's coplaintiffs. Appellees have not appealed from so much of the judgment as was adverse to them. Indeed, we have not been favored by an appearance or brief upon behalf of appellees. We, therefore, take as correct the facts as stated by appellant, Texas Rules of Civil Procedure, rule 419.

Appellant prosecutes his appeal upon two related points: (1) that the court erred in submitting special issues Nos. 15 through 18, over appellant's timely and specific objections, and (2) that the court erred in refusing appellant's motion for judgment on the verdict for the sum of $7,290. We sustain appellant's first point, and such action requires that we also sustain appellant's second point.

## Opinion

Appellant objected in various ways to the use of the term "hazardous condition" in the court's charge without defining what was meant thereby. Whether, when appellant leased his land to appellees, he knew they were going to maintain a nuisance thereon is not a question in this case. According to appellant's statement of the facts, it was not unlawful to erect such a plant on appellant's land at the time and place; and the plant was not constructed or operated by appellees so as to constitute a nuisance. And it is clear that appellees did not seek to convict appellant of being so related to the conduct of appellees' business as to be in any way responsible for the maintenance on his land of a nuisance, which was a proximate cause of the fire. Furthermore, "A nuisance does not rest on the degree of care used, but on the degree of danger * * * existing even with the best of care." 31 Tex.Jur. 421; see also Gulf C. & S. F. R. Co. v. Oakes, 94 Tex. 155, 159, 58 S.W. 999, 52 L.R.A. 293. There was no finding by the jury upon which liability for the fire on the part of appellant could be predicated.

Here appellant plead that the appellees were guilty of negligence in the two respects so found by the jury, and that said negligence was a proximate cause. The appellant was clearly entitled to a judgment for the damages resulting from the fire which were found by the jury to have been proximately caused by appellees' negligence, unless the appellant had been guilty of violating the law, or of contributory negligence which proximately caused his damages. There was no such finding by the jury, and as disclosed by the record there was no evidence to raise any such issue.

We here reverse so much of the court's judgment as denied appellant any recovery of damages from appellees, and here render judgment that appellant recover judgment against appellees in the principal sum of $7,290, together with interest thereon at the legal rate from the date of judgment rendered below.

Affirmed in part and in part reversed and rendered.